UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MAARTEN A. PETERS,

Plaintiff,

v.

Case No. 2:26-cv-131-KCD-KRH

DENISE CARLIN, IN HER OFFICIAL CAPACITY AS SUPERINTENDENT; LEE COUNTY SCHOOL DISTRICT, DJB TECHNICAL ACADEMY, INC., A FLORIDA NOT-FOR-PROFIT CORPORATION; BLANCA L. PETERS, IN HER OFFICIAL AND INDIVIDUAL CAPACITIES AS AN EMPLOYEE AND/OR PRINCIPAL AFFILIATED WITH DJB TECHNICAL ACADEMY, INC., OPERATING DONNA J. BEASLEY TECHNICAL ACADEMY; J. GARY SHIRK, ESQUIRE; SPECTRUM RECOVERY SOLUTIONS, LLC, DAVID LLEWELLYN, DENISE BAIER, JAMES HARPER, JAMIE STERLING, THE STERLING CENTER ORGANIZATION, INC., DNA COMPREHENSIVE THERAPY SERVICES, LLC, JACQUELINE GELARDI, NICOLE WAITE, ANN-MARIE NAVIDOMSKIS, MACKENZIE MCDOUGALL, JOHN/JANE DOES 1-10,

Defendants,

_______________________________/

**ORDER**

Plaintiff Maarten Peters is convinced his parental rights were cast aside and his children denied essential mental-health treatment, so he brought this sweeping civil rights lawsuit under 42 U.S.C. § 1983. (Doc. 31.)[1] But instead of targeting a specific legal injury, Plaintiff has sued nearly everyone involved in his family's affairs: the Lee County School District, the superintendent, a parenting coordinator, private attorneys, behavioral health clinics, and a laundry list of individual therapists and court-appointed professionals. The core of his grievance is that this collection of public and private actors ignored his reports of abuse and sidelined him from his children's treatment decisions.

Predictably, this scattershot approach has provoked opposition from nearly every defendant to appear. (Docs. 53, 54, 83, 94, 95, 102, 103.) Their arguments are well taken. To move forward, a complaint must offer more than labels and conclusions. It must state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff's complaint fails that basic test on several fronts. Among other things, he attempts to hold private individuals liable as state actors and fails to identify what legal theories he is actually pursuing. A claimant cannot just toss a jumble of

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

grievances into a complaint and leave it to the court to sort out the causes of action. As explained below, the complaint cannot move forward.

## I. Background

Parsing Plaintiff's latest complaint (his fifth) is no easy task. (*See* Doc. 31.) Spanning seven pages and naming over a dozen defendants, the pleading is less a cohesive narrative than a collection of free-floating grievances. Plaintiff strings together isolated events, disconnected conversations, and vague assertions of "coordinated decision-making" without ever grounding them in a concrete set of facts. (*Id.* at 6.) The result is a pleading that is nearly incomprehensible. Piecing the fragments together reveals a sprawling family dispute that has somehow spilled into federal court.

The trouble seemingly began around 2020, following a "Guardian ad Litem report" that flagged safety concerns about Plaintiff's children. (*Id.* at 3.) Over the next few years, Plaintiff says he repeatedly warned school officials, therapists, and court-appointed professionals that his child had been abused. But rather than help, Plaintiff alleges, this varied cast of characters banded together to ignore him, block his access to medical records, and interfere with his parental rights.

The complaint lobs accusations in every direction. Take the court-appointed professionals: Plaintiff claims Denise Baier, a parenting coordinator, changed overnight custody arrangements without his consent

and ignored his reports of abuse. Then there are the behavioral health providers, including Elite DNA Behavioral Health, The Sterling Center, and various individual therapists. Plaintiff says they barred him from the children's treatment plans, refused to review his documentation, and made medical decisions based on the word of Blanca Peters rather than his own. He even sweeps in a private attorney, J. Gary Shirk, accusing him of ex-parte communications with court personnel and failing to draft a proposed order for a state court judge. Finally, he faults the Lee County School District and its officials for ignoring his pleas for help and denying disability accommodations for his child.

## II. Discussion

A pleading this tangled makes it difficult to know where to begin. So the Court will focus on a few fundamental flaws. Each is fatal on its own, but collectively, they ensure the complaint can go no further.

The most glaring problem with Plaintiff's complaint is that it never tells the defendants—or the Court—what law they supposedly broke. Plaintiff invokes 42 U.S.C. § 1983 (Doc. 31 at 1), which provides a procedural pathway to sue state actors for civil rights violations. But § 1983 is just a vehicle. "[I]t is a method for vindicating federal rights elsewhere conferred." *Sheets v. Woelk*, 817 F. Supp. 3d 1246, 1251 (M.D. Fla. 2026). To state a § 1983 claim, a plaintiff must point to a specific constitutional provision or

federal statute that was violated. Plaintiff does no such thing. He alleges a vague interference with "parental rights" and his "right to due process," but he leaves everyone guessing as to which legal framework applies. This Court cannot build Plaintiff's legal theory for him. *See, e.g.*, *Horne v. BSI Fin. Servs.*, No. 25-CV-80343-RAR, 2025 WL 2961986, at *1 (S.D. Fla. Sept. 23, 2025) ("[E]ven with the leniency afforded to a pro se party, the Court cannot identify a proper claim for relief.").

Assuming Plaintiff is trying to bring a Fourteenth Amendment claim for interference with his family relations, he runs headlong into another roadblock: the state-action doctrine. The Constitution generally protects citizens from the government, not from each other. To hold private individuals or companies liable under § 1983, a plaintiff must show their conduct is "fairly attributable to the state." *Phillips v. Life Prop. Mgmt. Servs., LLC*, No. 21-11350, 2021 WL 5444921, at *2 (11th Cir. Nov. 22, 2021). Most of the defendants here—the behavioral health clinics, individual therapists, private attorneys—are private actors. Plaintiff tries to bridge this gap by simply declaring that these defendants "acted under color of state law or in joint participation with state actors." (Doc. 31 at 6.) But reciting the magic words of a legal standard is not enough. Without concrete facts showing how a private therapist or a private lawyer was a state actor, the

claims against these private defendants cannot survive. *See, e.g. Sheets*, 817 F. Supp. 3d at 1252.

Adding to the confusion, Plaintiff routinely lumps the defendants together, making it impossible to tell who is responsible for what. He alleges, for instance, that "Defendants affiliated with The Sterling Center, Elite DNA Behavioral Health, and Spectrum Recovery Solutions" provided medical conclusions without reviewing his materials. (Doc. 31 at 4-5.) This kind of group pleading violates the basic requirement that a plaintiff give each defendant fair notice of the claims against them. *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321-23 (11th Cir. 2015). A complaint must connect specific acts to specific people. Sweeping indictments of "Defendants" as a collective group simply will not do.

Finally, Plaintiff caps off his pleading by suing "John/Jane Does 1-10." (Doc. 31 at 1.) "As a general matter, fictitious-party pleading is not permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010). While there is a narrow exception when the description is so specific that the person can be readily identified for service, Plaintiff offers no description of these unnamed individuals. He merely drops them into the caption. Any claims against these defendants thus fail at the start. *See, e.g.*, *Pennington v. Tuscaloosa Cnty., Alabama*, No. 7:22-CV-01265-ACA, 2023 WL 2601936, at *2 (N.D. Ala. Mar. 22, 2023).

A claimant who has amended his complaint four times, as here, ordinarily has run out of chances. But in this case, none of Plaintiff's prior amendments came with the benefit of this Court reviewing his claims and explaining where they fall short. Because a pro se litigant generally deserves at least one opportunity to fix his pleading after a court identifies its flaws, Plaintiff will have *one final opportunity* to amend. *See, e.g.*, *Jemison v. Mitchell*, 380 F. App'x 904, 907 (11th Cir. 2010). If he continues to press frivolous, fact-free, or legally impossible claims, however, the Court will not hesitate to dismiss the case with prejudice.

## III. Conclusion

For these reasons, the pending motions directed at the latest complaint (Docs. 53, 54, 83, 94, 95, 102, 103) are granted as set forth above. All other or different relief is denied. The case is **DISMISSED WITHOUT PREJUDICE**, and Plaintiff may file an amended complaint within fourteen days of this order. Failure to file an amended complaint by that time will result in this case being dismissed automatically, and without further notice.

**ORDERED** in Fort Myers, Florida on August 27, 2026.



Kyle C. Dudek
United States District Judge